## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

RECEIVED

2015 JUL 23  P 3: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**KENYA CREWS,**                                    )
                                                    )
                                                    )
                                                    )
**Plaintiff,**                                      )
                                                    )
**v.**                                              )   Civil Action No.: 2:15-cv-532-WHA
                                                    )
**THE CBE GROUP, INC.**                             )   **JURY DEMAND**
**U.S. DEPARTMENT OF EDUCATION,**                   )
                                                    )   **CLASS ACTION COMPLAINT**
**Defendants.**                                     )

### COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's

Complaint against the Defendants states as follows:

### PARTIES

1.     Plaintiff Kenya Crews is a resident of Montgomery County, Alabama, over 19

years of age, and is competent to bring this action.

2.     Defendant The CBE Group, Inc. (hereinafter "CBE") is an Iowa corporation with

its principal place of business located in Cedar Falls, Iowa and was doing business in the Middle

District of Alabama at all times material to this Complaint.

3.     Defendant U.S. Department of Education ("DoEd") is a federal student loan

guarantor of the United States with its principal place of business in Washington, D.C. and was

doing business in the Middle District of Alabama at all times material to this Complaint.

4.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

## FACTUAL ALLEGATIONS

5.      Plaintiff Kenya Crews attended Alabama State University from 2007 through 2009.

6.      During and for this time period at ASU, Ms. Crews received a scholarship for and obtained a Masters of Science in Rehabilitation Counseling.

7.      The condition to receiving the scholarship was Ms. Crews was expected to work two years for each year of the scholarship she received funds in a state public health facility or a nonprofit rehabilitation agency, professional corporation, or a related agency providing services to individuals with disabilities in order to negate any payback of the actual amount of the scholarship.

8.      Immediately following receipt of her Masters degree, Ms. Crews worked in state facilities continuously for more than two years in order to fulfill the requirements of her scholarship.

9.      Since graduating from ASU with her Masters in Rehabilitation Counseling, Ms. Crews has provided the services required by the scholarship at Southern Springs Skilled Nursing Facility, New York City Department of Education school system, Keep Children Moving Therapy, LLC, Hillview Skilled Nursing Facility, and Montgomery Public Schools, where she is presently employed.

10.     In particular, Ms. Crews completed her requirements for the scholarship while working in the New York City Department of Education school system through Keep Children Moving Therapy, LLC alone.

11.     Ms. Crews provided occupation therapy services to children in the New York City Department of Education school system through a contract with Access-VR, which provides vocational rehabilitation transition services for students with disabilities from school to adult services.

12.     Ms. Crews provided occupational therapy services in this capacity from October 2009 through March 2013, thus fulfilling her scholarship requirement and negating payback of the scholarship she received while attending the Masters in Rehabilitation Counseling program at ASU from September 2007 through May 2009.

13.     However, Ms. Crews has gone above and beyond her scholarship requirements by also providing similar services at Southern Springs Skilled Nursing Facility, Hillview Skilled Nursing Facility, and Montgomery Public Schools.

14.     Further, Ms. Crews is currently employed in the capacity of a rehabilitation counselor with the Montgomery Public Schools.

15.     Under all circumstances, Ms. Crews has completed the requirements of the contract she entered into with ASU for scholarship monies she received while attending the Masters in Rehabilitation Counseling program at ASU and does not owe Defendants CBE and/or DoED any money.

16.     At some point, Defendant DoED took over what was wrongfully considered a delinquent account and began attempting to collect upon it through itself and its agents, to wit, Defendant CBE.

17.     However, Defendants CBE and/or DoED have illegally attempted to collect and has illegally collected monies from Ms. Crews that she did not and/or does not owe by and through such means as intercepting her income tax refunds and garnishing her wages.

18.     Defendants CBE and/or DoED have wrongfully intercepted her income tax refunds and illegally garnished her wages for monies she does not owe.

19.     Defendant CBE is an agent of Defendant DoED and is performing collection

activities at the behest, direction, instruction and/or under contract with Defendant DoED.

20.     Defendant DoED has failed and refused to correct its obvious failures in this matter.

21.     Defendants CBE and DoED, years after the scholarship agreement was completed by Ms. Crews, and without any prior notice or warning otherwise, just began garnishing her wages with her employer, and further, intercepted her income tax refunds without any notice or warning and continued to do so even after Ms. Crews informed Defendants CBE and/or DoED that she does not owe the monies Defendants claim on this account, yet Defendants CBE and/or DoED have continued illegally collecting on the account.

22.     Defendants CBE and/or DoED have contacted Ms. Crews employer regarding the account causing her embarrassment and humiliation and placed her in a false light with her current employment.

23.     Defendant CBE as an agent of Defendant DoED has sent Ms. Crews debt collection letters that misstate and mischaracterize a debt in amount, type and the fact that any debt exists attempting to illegally collect upon a debt she does not owe.

24.     The above-detailed conduct by Defendants CBE and DoED of harassing the Plaintiff was also an invasion of her privacy by an intrusion upon seclusion and resulted in actual damages to Plaintiff.

25.     This series of abusive collection tactics by Defendants CBE and DoED by and through its employees, agents, and/or representatives caused Plaintiff stress and extreme mental anguish as a part of and independently of the economic damages she has suffered as a result of the illegal collection activities.

26.     Defendants CBE and/or DoED repeated attempts to collect this alleged debt from

Plaintiff, placing her in a false light with her employer, and the refusal to stop violating the law, was and is an invasion of Plaintiff's privacy and her right to be left alone.

27.     Plaintiff has suffered actual damages as a result of these illegal collection activities by Defendants CBE and/or DoED in the form of financial damages through the intercepting of her income tax refunds and garnishing her wages, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment. amongst other negative emotions.

28.     Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(3) and the debt at issue arose out of a consumer transaction, an agreement entered into for the personal scholarship/loan for an educational course of study by Plaintiff.

29.     Defendant CBE is a "debt collector" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

30.     Defendant CBE engaged in "communications" with Plaintiff for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(2).

31.     Defendant CBE engaged in communications with Plaintiff for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

32.     Defendant CBE was employed and retained by Defendant DoED to perform the debt collection activities it performed stated herein and CBE's actions in this matter were performed as an agent of Defendant DoED and Defendant DoED is liable for the actions of its agents, including, Defendant CBE.

33.     The numerous contacts and collection activities of Defendant CBE, including, but not

limited to, sending debt collection letters, contacting Ms. Crews' employer and/or garnishing Ms. Crews wages, were communications and collection activities and the intent and motive behind them is to harass Plaintiff into paying Defendants CBE and DoED for a debt she does not owe.

34.     This series of abusive collection activities by Defendants DoED and CBE and agents caused Plaintiff stress and anguish as a direct and proximate result of these illegal activities.

35.     Plaintiff has suffered actual damages as a result of these illegal collection activities and communications by Defendants CBE and DoED in the form of financial loss, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT 15 U.S.C. §1692 et seq.

36.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

37.     Defendants CBE and DoED, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with each Defendant, engaged in conduct and activities the natural consequence of which was to harass, oppress, or abuse dialed Plaintiff in violation of 15 U.S.C. §1692d.

38.     Defendants CBE and DoED, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendants, communicated and made false, deceptive, and/or misleading misrepresentations or means about an alleged debt Plaintiff did not owe and in attempting to collect a debt Plaintiff did not owe in violation of 15 U.S.C. §1692e.

39.     Defendants CBE and DoED, by and through their agents and/or employees,

while acting in the line and scope of their employment and/or agency with Defendants, sent collection letters to Plaintiff that were incorrect in character, amount, and/or legal status of a debt she does not owe in violation of 15 U.S.C. §1692e(2).

40.    Defendants CBE and DoED, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendants, threatened to take actions that they could not legally take with regard to the subject account in violation of 15 U.S.C. §1692e(5) by sending collection letters demanding payment of amounts she does not owe and threatening to take further legal action on the account that no Defendant had any legal right to take.

41.    Defendants CBE and DoED, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendants, threatened to communicate and did communicate false credit information with regard to the subject account to Plaintiff's employer and the credit reporting agencies by misstating the account when the information communicated was incorrect as to the amount, character, and/or legal status with regard to the subject account in violation of 15 U.S.C. §1692e(8).

42.    Defendants CBE and DoED, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendants, used false and deceptive means in an attempt to illegally collect on a debt Plaintiff does not owe by sending collection letters that misrepresented the debt in amount, character, and/or legal status and by contacting her employer misrepresenting that she owed the debt and even garnishing her wages on the debt in violation of 15 U.S.C. §1692e(10).

43.    Defendants CBE and DoEDs' actions in this matter as detailed throughout this

Complaint constitute unfair collection practices with regard to an alleged debt of Plaintiff in violation of 15 U.S.C. §1692f.

44.     Defendants CBE and DoED, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendants, engaged in unfair or unconscionable means to collect or attempt to collect an alleged debt by communicating to Plaintiff and third parties misrepresentations of the character, amount, and/or legal status of the account as well as illegally garnishing her wages for amounts she does not owe in violation of 15 U.S.C. §1692f.

45.     Defendants CBE and DoED, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendants, attempted to collect amounts not authorized by the agreement creating the debt or permitted by law as Plaintiff does not owe the amounts Defendants are illegally claiming she owes in violation of 15 U.S.C. §1692f(1).

46.     Further, the natural consequence of the conduct of Defendants CBE and DoED in this matter as detailed throughout this Complaint is to harass, oppress, and abuse Plaintiff in violation of 15 U.S.C. §1692d.

47.     All actions taken by Defendants CBE and DoED were done willfully, with malice, and were done with either the desire to abuse, annoy, harass, and oppress Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA.

48.     Defendants CBE and DoEDs' violations of the FDCPA proximately caused the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other

negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

WHEREFORE, Plaintiff demands judgment against Defendant CBE and/or DoED, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorney's fees, interest from the date of injury, and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendants CBE and DoED.

## COUNT II
### NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

49.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

50.     Defendants CBE and DoED owed a duty to Plaintiff to not continually harass her with regard to this debt in violation of state and/or federal law, not to attempt to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint, and not to attempt to collect a debt from her that she did not owe Defendants.

51.     Defendant DoED had a duty to properly credit Plaintiff's account and to not have Defendant CBE collect upon an alleged debt that Plaintiff did not and DoEDs not owe.

52.     Defendants CBE and DoED had a duty under Alabama law to act reasonably under the circumstances.

53.     Defendant CBE violated this duty under Alabama law by failing to cease collecting upon an illegal and improper debt and contacting Plaintiff and her employer with regard to the subject account in violation of state and/or federal law and/or by attempting to collect on an alleged debt

in an illegal and unreasonable manner as stated throughout the allegations in this Complaint as well as attempting to collect a debt from Plaintiff she did not owe.

54.     Defendants CBE and DoED each violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as all Defendants refused to comply with all the duties that each Defendant had.

55.     Plaintiff has been damaged as a proximate result of these Defendants' wrongful conduct as set forth in this Complaint proximately causing the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of economic injury, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions and suffering.

WHEREFORE, Plaintiff demands judgment against Defendants CBE and/or DoED, jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant CBE and DoED.

## COUNT III
## NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS

56.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

57.     Defendants CBE and DoED negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent personnel, who were allowed or encouraged to violate federal and/or state law as was done to Plaintiff and stated herein, and are thereby responsible to the Plaintiff for the

wrongs committed against Plaintiff and the damages suffered by Plaintiff. The Defendants' employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

58.     Defendants CBE and DoED were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

59.     The employees and/or agents of Defendants CBE and DoED, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

60.     The negligent or wanton conduct of those employees and/or agents of Defendants CBE and DoED while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint, including actual damages in the form of economic injury, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions and suffering.

WHEREFORE, Plaintiff demands judgment against Defendants CBE and/or DoED, jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief against Defendants CBE and DoED.

## COUNT IV
## INVASION OF PRIVACY

61.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

62.    Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants DoED and/or CBE violated Alabama law as described in this Complaint, including, but not limited to, sending a wage garnishment to Plaintiff's employer about a debt she does not legally owe placing Plaintiff in a false light with those with whom she is employed regarding not only the subject account but Plaintiff's character and financial stability and management with the intent to harass, annoy, and/or oppress Plaintiff to pay a debt she does not owe in violation of state and/or federal law.

63.    Defendants DoED and/or CBE placed Plaintiff in false light as described in the preceding paragraph and throughout this complaint in a manner that is highly offensive to a reasonable person and Defendants had knowledge of the fact she did not legally owe the debt or acted in reckless disregard by publishing the debt to Plaintiff's employers with regard to the subject account.

64.    Defendants CBE and DoED intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, through these actions in an attempt to harass, annoy, and/or oppress Plaintiff into paying a debt she does not owe in violation of state and/or federal law.

65.    Defendants CBE and DoED intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting upon an alleged debt she does not owe and in the course thereof, thereby invaded Plaintiff's privacy by invading and intruding upon Plaintiff's right to privacy.

66.     Plaintif had a reasonable expectation of privacy in her solitude, seclusion, private concerns or affairs, and private financial information.

67.     The conduct of Defendants CBE and DoED in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

68.     As a result of the above described intrusions and invasions of privacy, Plaintiff is entitled to compensatory and/or punitive damages from Defendants CBE and DoED.

69.     All the above acts and omissions of Defendants CBE and DoED by and through its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages, and as a proximate result of these Defendants' wrongful conduct as set forth in this Complaint, proximately caused the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of economic injury, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions and suffering.

WHEREFORE, Plaintiff demands judgment against Defendants CBE and/or DoED, jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief against Defendant CBE.

## COUNT V
## DEFAMATION

70.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

71.     Defendants CBE and/or DoED published, or at its direction had published, false information about Plaintiff, who is a private figure, by sending her employers inaccurate and misleading information with regard to the account at issue in this matter.

72.     Defendants DoED and/or CBE violated Alabama law as described in this Complaint, including, but not limited to, sending a wage garnishment to Plaintiff's employer about a debt she does not legally owe those with whom she is employed regarding not only the subject account but Plaintiff's character and financial stability and management with the intent to harass, annoy, and/or oppress Plaintiff to pay a debt she does not owe in violation of state and/or federal law.

73.     The publication by Defendants of Plaintiff's private financial information regarding an account and monies which she does not owe proximately caused injury, and continues to injure, her reputation and character with her employers.

74.     The actions by Defendants of publishing this false information regarding Plaintiff was done maliciously, without privilege, and with a willful intent to injure Plaintiff.

75.     Alternatively, the actions by Defendants of publishing this false information regarding Plaintiff was done with reckless disregard or negligently.

76.     Plaintiff has requested the correction of these defamatory statements yet Defendants refuse to retract the defamatory statements and information, including, but not limited to, the wage garnishment.

77.     All the above acts and omissions of Defendants CBE and DoED by and through its

agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages, and as a proximate result of these Defendants' wrongful conduct as set forth in this Complaint, proximately caused the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of economic injury, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions and suffering.

WHEREFORE, Plaintiff demands judgment against Defendants CBE and/or DoED, jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant CBE.

## COUNT VI
## DECLARATORY JUDGMENT

78.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

79.     Plaintiff requests this Honorable Court enter a declaratory judgment in her favor finding the debt Defendants CBE and DoED are attempting to collect is not a valid debt due to Plaintiff's completion of the requirements of the scholarship agreement she entered into with ASU thereby nullifying the account and debt Defendants are attempting to collect from her.

80.     Defendants DoED and CBE are actively attempting to collect upon this invalid debt, including sending threatening letters to Plaintiff, communicating with Plaintiff's employers at her place of employment and have illegally garnished her wages for this invalid debt.

81. Defendants DoED and CBE have already intercepted Plaintiff's tax returns twice for more than twenty-five hundred dollars ($2500) and has threatened to intercept any tax refund she may receive from her income taxes into the future.

82. Defendants DoED and CBE have already garnished Plaintiff's wages at an amount of $500 month for a period of 6 months.

83. Plaintiff has suffered injuries from the actions of Defendants and is continuing to suffer injury at their hands over this invalid debt.

84. There is a clear causal connection between Defendant's actions complained of in this matter and Plaintiff's injuries.

85. A favorable decision for Plaintiff in the declaratory judgment would stop Defendants from continuing to harass her over an invalid and improper debt from this point forward.

WHEREFORE, Plaintiff demands judgment against Defendant CBE and/or DoED, jointly and severally, for equitable relief, including, but not limited to, declaring the subject debt invalid, null and void; directing Defendants CBE and DoED to cease and desist attempting to collect upon the subject debt, directing Defendants to cease and desist any attempts at administrative wage garnishment, directing Defendants to cease and desist any attempts at intercepting any tax refunds of Plaintiff, and returning all funds Defendants obtained from Plaintiff through any means, including tax refund intercepts, administrative wage garnishment, and/or any other means, plus attorney's fees, interest from the date of injury, and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendants CBE and DoED.

## COUNT VII
## CLASS CLAIMS AGAINST DEFENDANT CBE FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §1692 et seq.**
**Class Action Allegations**

86.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

87.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

88.     Upon information and belief, pursuant to a uniform policy and procedure, CBE and/or its authorized agents, have engaged in unfair and unconscionable practices and made false and/or misleading communications both to and regarding consumers.

89.     Upon information and belief, CBE and/or its authorized agents, have sent debt collection letters to consumers with purported student loans backed and/or serviced by the DoEd that contained false, deceptive, and/or misleading representations regarding the debt misstating the character, amount, and/or legal status of the debt.

90.     The classes of persons Plaintiff proposes to represent include:

All persons within the United States who, within the year prior to the violation of the FDCPA at issue in this matter, received a communication from CBE that violated the FDCPA or was subjected to the unfair and unconscionable means of collecting a debt on behalf of the DoED in violation of the FDCPA.

91.     The class as defined above is identifiable by the records of CBE showing the names and addresses of the consumers affected. On information and belief, the potential class members number in the hundreds, and possibly thousands, and constitute a class so numerous that joinder of

all class members is impracticable.

92.     Plaintiff is a member of the class.

93.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a.     Whether Defendant violated the FDCPA by engaging in collection activities and communications that contained false, deceptive, and/or misleading representations regarding the character, amount and/or legal status of the purported debt;

b.     Whether the Defendant attempted to collect a purported debt by unfair or unconscionable means;

c.     Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Defendant CBE's actions.

94.     Plaintiff's claims are typical of the claims of the class.

95.     Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class, and she will fairly and adequately protect the interests of the class.

96.     Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.   The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

97.     The likelihood that individual members of the class will prosecute separate actions is remote due to the limited time frame and expense necessary to conduct such litigation.

98.     Plaintiff is capable of and is willing to represent the other members of the class.

## Legal Claims

### *First Class Claim -Violations of 15 U.S.C. 1692(e)*

99.     Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

100.     Defendant CBE violated the FDCPA by sending collection letters to Plaintiff attempting to collect on a purported student loan debt held and/or serviced by the DoED that were incorrect in character, amount, and/or legal status of a debt she does not owe in violation of 15 U.S.C. §1692e(2).

101.     As a result of Defendant CBE's illegal conduct as alleged herein, the members of the class suffered actual damages and, under §1692k, are each entitled, inter alia, to statutory damages of up to $1,000 for each such violation of the FDCPA.

### *Second Class Claim - Violations of 15 U.S.C. 1692f*

102.     Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

103.     The FDCPA prohibits any unfair or unconscionable means to collect or attempt to collect an alleged debt.

104.     Defendant CBE violated the FCCPA by making calls to collect a debt to Plaintiff's cell phone via auto-dialer and leaving messages using an artificial or prerecorded voice.

105.     Defendant CBE violated the FDCPA by collecting and/or attempting to collect amounts on student loans held and/or serviced by the DoED which were not authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1).

107.     As a result of Defendant CBE's illegal conduct as alleged herein, the members

of the class suffered actual damages and, under §1692k, are each entitled, inter alia, to statutory damages of up to $1,000 for each such violation of the FDCPA.

### Third Class Claim: Injunctive Relief

108.    Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

109.    Defendant CBE, its authorized agents, vendors, or contractors have possession, custody and control of the business records, databases, computer systems and other information and equipment necessary to identify the members of the class, including but not limited to the names, addresses and telephone numbers of the class members. Unless immediate injunctive relief is ordered, Defendant, its authorized agents, vendors, or contractors may alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment. For this reason, Plaintiff is entitled to an order prohibiting and enjoining Defendant, its authorized agents, vendors, or contractors from altering, deleting, destroying or otherwise disposing of any documents, records, databases or computer systems that are necessary to identify the members of the class.

110.    The Plaintiff, acting on behalf of the Class, respectfully petitions this Court to order Defendant CBE, including, but not limited to its employees, agents or other affiliates, to immediately cease its actions as outlined in the class count of the complaint.

### Relief Sought

111.    Plaintiff, on behalf of herself and the Class, prays for the following relief:

1.    An order certifying the Class as defined above;

2.    The injunctive relief requested herein;

3.    Statutory damages for each violation of the FDCPA;

Page -20-

4.   Reasonable attorneys' fees and costs; and

5.   Such further and other relief the Court deems appropriate.

_____
Wesley L. Phillips
Attorney for Plaintiffs

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
wlp@wphillipslaw.com

## JURY DEMAND

Plaintiff demands a trial by struck jury.

_____
OF COUNSEL

## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

U.S. Department of Education
c/o Education Department
Office of General Counsel
400 Maryland Avenue SW, Room 6E353
Washington, D.C. 20202

U.S. Department of Education
50 Beale Street, Suite 8629
San Francisco, CA 94105

Page -21-

U.S. Attorney's Office
131 Clayton Street
Montgomery, AL 36104

The CBE Group, Inc.
c/o CSC Lawyers Incorporating Service
150 S Perry Street
Montgomery, AL 36104